**Palasi Sam PULETASI, Plaintiff—Appellant,**

v.

**Wayne K. WILLS, U.S. Immigration and Customs Enforcement Special Agent in Charge in Honolulu; sued in his official capacity; Mardelle C. Tamashiro, U.S. Immigration and Customs Enforcement Assistant Special Agent in Charge in Honolulu; sued in her official capacity; Richard Bratt Supervising Special Agent—U.S. Immigration and Customs Enforcement Agency in Hawaii; sued in his official capacity U.S. Immigration & Customs Enforcement; Department of Homeland Security; Michael Chertoff, Sec-**

---

retary of Department of Homeland Security; sued in his official capacity; John Does 1–5; Jane Does 1–5, Defendants—Appellees.

No. 07–15015.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 18, 2008.

Filed July 11, 2008.

Daphne E. Barbee, Esq., Honolulu, HI, for Plaintiff–Appellant.

Thomas A. Helper, Esq., Office of the U.S. Attorney, Honolulu, HI, for Defendants–Appellees.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

### MEMORANDUM *

Palasi Sam Puletasi appeals the summary judgment dismissing his discrimination, retaliation, and affirmative action claims against the Secretary of the Department of Homeland Security ("Secretary"). Puletasi worked as a special agent criminal investigator in the Honolulu office of U.S. Immigration and Customs Enforcement ("ICE"). In January 2001, he contracted Guillain–Barre Syndrome, a disease that caused temporary paralysis of his body. Puletasi contends that ICE violated the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, by taking several adverse employment actions, including termination of his employment. We affirm the judgment.

### I

Puletasi is not a "qualified individual with a disability" under the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§ 12111(8). In determining whether a violation of the Rehabilitation Act has occurred, the standards of Title I of the ADA apply. 29 U.S.C. § 791(g); *McLean v. Runyon,* 222 F.3d 1150, 1153 (9th Cir. 2000). The ADA's employment protections apply only if a plaintiff demonstrates that he or she is a "qualified individual with a disability," defined as "an individual with a disability who, with or without reasonable accommodation, can perform the *essential functions* of the employment position." 42 U.S.C. § 12111(8) (emphasis added).

There is no genuine issue of material fact that the ability to handle dangerous persons and situations is an essential function of the ICE criminal investigator position. Puletasi's job description states:

> Work periodically requires considerable and strenuous physical exertion, including running, climbing, negotiating obstacles, and physically subduing and lifting uncooperative individuals as required. Work involves the risk of attack without warning, requires quick decisions to protect lives of the public, other law enforcement personnel, detainees and the incumbent, with resort to the use of deadly force only as a last resort.

The job description also requires "[p]roficiency in the use of firearms." Puletasi's physician admitted that he could not perform "certain physical rigors such as jumping and arrest[ing] resistant" suspects and Puletasi concedes that he "could not run, jump, or climb at the time of his termination." Puletasi was not cleared to carry a firearm until months after his termination. Thus, he was unable to perform the essential functions of his position.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Dark v. Curry County,* 451 F.3d 1078, 1087 (9th Cir.2006).

 Puletasi's physician's statement that he could perform his job's essential functions "with a reasonable accommodation .... that he not use a firearm for at least another six months" does not create a disputed issue because "[t]he ADA does not require an employer to exempt an employee from performing essential functions or to reallocate essential functions to other employees." *Dark,* 451 F.3d at 1089. Puletasi also contends that his sworn declaration, deposition testimony from coworkers, and a supervisory appraisal demonstrate that he was qualified for his position. However, this evidence merely shows that Puletasi was effective at performing his *temporary light duty position,* and does not refute the undisputed evidence that Puletasi could not run, jump, handle a firearm, and perform other essential functions of the criminal investigator position. Finally, Puletasi argues that agents rarely use firearms, and that most duties involved administrative work. This argument fails because job functions can be essential even if they are performed infrequently. *See, e.g., Kees v. Wallenstein,* 161 F.3d 1196, 1199 (9th Cir.1998).

## II

 The district court also correctly concluded that ICE met its obligation to engage in an interactive process and offer reasonable accommodation. An employer is liable for failing to provide reasonable accommodation only if it is responsible for the breakdown in the interactive process. *Zivkovic v. So. Cal. Edison Co.,* 302 F.3d 1080, 1089 (9th Cir.2002). In this case, undisputed evidence shows that ICE offered Puletasi the highest grade position available for which he was qualified (Immigration Information Officer), and asked for his geographic preferences for a further

job search. Therefore, the employer was not responsible for the breakdown of the interactive process. *Id.* Although Puletasi points to job descriptions in the record and argues that he notified ICE of several available vacant positions with comparable pay, there is no evidence that Puletasi actually sent these descriptions to ICE during the interactive process, nor is there evidence that he was qualified for the positions. Puletasi has not met his burden of demonstrating that a reasonable accommodation existed that would have allowed him to perform the essential functions of an available position. *See Dark,* 451 F.3d at 1088.

## III

 The district court did not err by granting summary judgment on Puletasi's retaliation claim. The ADA prohibits retaliation against individuals who oppose discriminatory acts or practices. 42 U.S.C. § 12203(a). If an employee establishes a *prima facie* case of retaliation, the burden shifts to the employer to offer legitimate non-retaliatory reasons for the adverse employment action. *Pardi v. Kaiser Found. Hosps.,* 389 F.3d 840, 849 (9th Cir.2004). If the employer presents legitimate reasons, "the burden shifts back to the employee to demonstrate a triable issue of fact as to whether such reasons are pretextual." *Id.*

 Assuming that Puletasi established a *prima facie* case, ICE offered a legitimate reason for the adverse actions at issue: Puletasi could not perform the essential functions of his position. In response, Puletasi offers no evidence that ICE's legitimate non-retaliatory reason was pretextual. He merely points to evidence showing that he was able to perform the duties of his temporary *light duty* position. This does not present a triable issue of fact because it does not directly

refute the legitimate reason offered by ICE.

### IV

In addition to his § 791(g) Rehabilitation Act argument, Puletasi asserts a § 791(b) Rehabilitation Act affirmative action argument for the first time on appeal. Puletasi failed to assert this claim in his complaint and made no such argument in his brief before the district court. We therefore deem this argument waived. *E.g., Papakosmas v. Papakosmas,* 483 F.3d 617, 624 n. 3 (9th Cir.2007).

**AFFIRMED.**